62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald D. FLAUGHER, et al., Defendants-Appellants.
 Nos. 95-1084, 95-1126, 95-1127.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 14, 1995.*
Decided Aug. 2, 1995.
Order Denying Rehearing and Suggestion for Rehearing En Banc
Oct. 13, 1995.
 
 Before ENGEL,** EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 For the second time, we revisit issues arising out of a criminal prosecution. Our original opinion, reported at 9 F.3d 576 (7th Cir.1993), affirmed the convictions of Joseph Carson, John Lanter, Wilbert Hall, Aaron Hall, and Ronald Flaugher. Earlier this year we affirmed the judgment resentencing Wilbert Hall. No. 94-1703 (7th Cir. Feb. 15, 1995). Today we consider the motion of all five defendants under Fed.R.Crim.P. 33 seeking a new trial. The district court denied this motion without holding an evidentiary hearing. Carson, Aaron Hall, and Flaugher have appealed. Once again we affirm.
 
 
 2
 Our sense of deja vu comes not only from the fact that we have seen the case before but also from the fact that arguments and evidence are being recycled. Many of the documents appended to the joint motion for a new trial were in the record on the original appeal. Lanter made substantial use of them; we rejected his claims. 9 F.3d at 582-83. Flaugher filed a motion for a new trial, which was heard in conjunction with his sentencing proceedings. We were unimpressed by the use he made of this material on appeal and saw no need to discuss it separately, summing up: "We have considered his other arguments; they are meritless and need not be addressed." 9 F.3d at 593. They did not acquire force when presented to the district judge a second time; no surprise that he did not hold an evidentiary hearing.
 
 
 3
 Recently we emphasized that review of orders granting or denying new trials is deferential. United States v. Boyd, 55 F.3d 239 (7th Cir.1995). The judge who presided over the trial is in the best position to determine what effect the newly discovered evidence would have had, if it had been presented at trial. The district judge in this case, who heard six weeks of evidence and arguments at two trials of the defendants, thought the materials they presented tangential at best. Our own view is in accord. For example, defendants make much of the fact that state charges were pending against Joseph Sterkis when federal agents recruited him to assist in the investigation of these defendants. This fact came out at trial. Agent Richart testified that "[a]t the time I was operating with Joe Sterkis, he was still in the process of clearing this charge. In fact, the charge was eventually dropped". The "newly discovered evidence" is the length of time that the state charge remained pending while Sterkis was cooperating with the agents: three or four months. What significance this has we cannot fathom. Then there is evidence that Sterkis committed more drug crimes than he admitted on the stand. Given the number of bad deeds to which he admitted, this cannot have mattered.
 
 
 4
 Defendants allege that agents provided special favors (such as good meals and conjugal visits) for two witnesses in the case. Conduct of this sort can lead to a new trial, as Boyd shows, but there is a difference: defendants do not allege that these favors were given in exchange for the testimony these witnesses provided against them, or indeed that they had anything to do with this investigation and trial. A motion under Rule 33 does not set in motion an inquest into everything the case agents ever have done; it is designed to bring out information that calls into question the reliability of this verdict. The material to which defendants point would at best have provided some additional ammunition for impeaching witnesses who were thoroughly impeached at trial.
 
 
 5
 Finally there is defendants' belief that, before their trial ended, the prosecutor had learned that Lanter's lawyer was providing discovery material to drug dealers who still hoped to avoid capture. As we observed the first time around, this may (or may not) give Lanter cause for complaint. 9 F.3d at 582. But we do not see how it affected the proceedings against Flaugher, Carson, and Aaron Hall, each of whom had independent counsel at trial. None of the three contends that his own lawyer labored under a conflict of interest. Like the impeachment material, this allegation does not bear directly on guilt or innocence, and the district judge did not abuse his discretion in denying the motion.
 
 
 6
 AFFIRMED.
 
 Order
 
 7
 No 95-1126.
 
 Oct. 13, 1995
 
 8
 Aaron Hall has filed a 'petition for rehearing in banc' which under Circuit Rule 35 we treat as implying a petition for rehearing by the panel. All of the judges on the panel have voted to deny the petition, and none of the active judges has called for a vote on the suggestion fo rehearing en banc. Rehearing is accordingly denied.
 
 
 9
 Our decision does not preclude Hall from seeking relief under 28 U.S.C. Sec. 2255 if he believes that his original attorney rendered ineffective assistance. This claim was made and then withdrawn on direct appeal; Hall's decision to adopt the briefs of his fellow appellants on the appeal from the denial of Rule 33 relief led us to conclude that the claim was not being reasserted. If indeed Hall wishes to renew his ineffective-assistance claim, this appeal is not the proper forum. The contention cannot succeed without evidence of prejudice, which is missing from the current record. Hall may or may not be able to make such a showing, but the right way to do so is by petition under Sec. 2255.
 
 
 
 *
 These successive appeals have been submitted to the original panel under Operating Procedure 6(b). The panel heard oral argument on the initial appeal and is unanimously of the view that a second argument is unnecessary
 
 
 **
 Of the Sixth Circuit, sitting by designation